IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GEORGE PRESLEY,                    :
                                   :
            Plaintiff,             :
                                   :
    vs.                            :
                                   :        NO. 5:22-cv-339-MTT-TQL
GEORGIA BOARD OF PARDONS           :
AND PAROLES,                       :
*et al*.,                          :
                                   :
            Defendants.            :
_____    :

## **ORDER**

Plaintiff George Presley moves to appeal in forma pauperis. ECF No. 16.

Plaintiff seeks to appeal the judgment entered on January 10, 2023. ECF No. 11.

Applications to appeal in forma pauperis are governed by 28 U.S.C. § 1915 and Fed. R.

App. P. 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement,
> prosecution or defense of any suit, action or proceeding, civil or criminal, or
> appeal therein, without prepayment of fees or security therefor, by a person
> who submits an affidavit that includes a statement of all assets such prisoner
> possesses that the person is unable to pay such fees or give security therefor.
> Such affidavit shall state the nature of the action, defense or appeal and
> affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies
> in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis
> must file a motion in the district court. The party must attach an affidavit
> that:

> > (A) shows . . . the party's inability to pay or to give security for fees

and costs;

(B) claims an entitlement to redress; and

(C) states the issues that the party intends to present on appeal.

(2) If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations when faced with an application to proceed in forma pauperis.   First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal.   Plaintiff did not submit an updated certified copy of his trust fund account statement.   He does state, however, that he has an average monthly balance of only $16.00 in his inmate account.   ECF No. 16-2. Additionally, the certified trust fund account statement that Plaintiff previously filed in this Court (ECF No. 2) indicates that he is unable to pay the $505 appellate filing fee.   Thus, for purposes of this motion, the Court assumes that Plaintiff is unable to pay the filing fee.

Next, the Court must determine if the plaintiff has satisfied the good faith requirement.   "'[G]ood faith' . . . must be judged by an objective standard."   *Coppedge v. United States*, 369 U.S. 438, 445 (1962).   The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue.   *Id*.   An issue "is frivolous if it is 'without arguable merit either in law or fact.'"   *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted).   "Arguable means capable of being convincingly argued."   *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted).   "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'"   *Sun*,

939 F.2d at 925 (citations omitted).

Although Plaintiff has not submitted a statement of the issues he intends to appeal, as is required under Fed. R. App. P. 24(a)(1)(C), this Court's independent review of the issues addressed in the October 27, 2022 Report and Recommendation (ECF No. 4), Plaintiff's December 21, 2022 Objection to that Recommendation (ECF No. 9), and the Court's January 9, 2023 Order adopting the Recommendation (ECF No. 10) demonstrates that Plaintiff's appeal is frivolous.  *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from the plaintiff).   The appeal, therefore, is not brought in good faith.   Plaintiff has raised no issues with arguable merit.

Consequently, Plaintiff's application to appeal in forma pauperis (ECF No. 16) is **DENIED**.

If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee.  Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b).  Pursuant to section 1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full.  Checks should be made payable to "Clerk, U.S. District Court."   The Clerk of Court is **DIRECTED** to send a copy of this

Order to the custodian of the prison in which Plaintiff is incarcerated.

**SO ORDERED**, this 5th day of April, 2023.

S/ Marc T. Treadwell

MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT